JONES, Appellant,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW et al., Appellees.

[Cite as *Jones v. Unemp. Comp. Bd. of Review* (1989), 61 Ohio App.3d 272.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 11165.

Decided Feb. 14, 1989.

*Vernetta L. Jones, pro se.*

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William D. Haders,* for appellees.

WOLFF, Judge.

Vernetta L. Jones appeals from the Montgomery County Court of Common Pleas judgment which affirmed the decision of the Ohio Unemployment Compensation Board of Review ("board"). The board affirmed and refused further appeal of the referee's decision to affirm the Ohio Bureau of Employment Services' determination that Jones quit her job at Dunbar Pharmacy and Medical Supply ("Dunbar") without just cause and was ineligible for unemployment compensation.

Jones applied for unemployment compensation on November 12, 1987. The Ohio Board of Employment Services determined that Jones was ineligible for benefits because she quit her job to attend Miami Jacobs Junior College, which

was "a quit without just cause." Jones filed with the Ohio Bureau of Employment Services a request for reconsideration. Upon reconsideration, the determination was affirmed.

Jones appealed the Administrator's decision to the board. A hearing before a referee was held. The referee heard testimony from Jones and from Elizabeth Stratton, a representative from Dunbar. Following the hearing, the referee filed a written decision. The referee's decision stated that Jones failed to establish that "she had no other recourse but to quit her job at Dunbar Pharmacy and Medical Supplies, therefore, quit her job without just cause." The referee affirmed the Administrator's decision on reconsideration.

Jones applied to institute a further appeal before the board; the application was denied.

Jones timely filed an appeal in the Montgomery County Court of Common Pleas. Attached to her notice of appeal was a letter by Jones's doctor which stated that Jones was being treated for hypertension and mylofacial headaches. The letter stated that she was unable to continue her job at Dunbar "due to stressful situations as stated by patient."

The trial court stated in its judgment entry that pursuant to R.C. 4141.-28(O), it was restricted to the record of the administrative proceedings. The court stated that having considered only the record, it found "that the record amply supports the decision of the Board of Review." The court affirmed the decision of the Board.

Jones states in her brief to this court that she worked at Dunbar from August 12, 1985 to October 14, 1987 and after two years of working full time, she started school. She stated that she worked from 9:00 a.m. to 6:00 p.m., went to school from 6:00 p.m. to 9:30 p.m., and studied from 10:00 p.m. to 1:30 a.m. She states that she asked for shorter hours but Dunbar did not shorten her hours. She states that her supervisor said if she, Jones, could not work her normal hours, she would be without a job.

Jones also states in her brief that her doctor told her to quit her job since her health was being affected due to stress. She stated that she has been looking for work since she quit working at Dunbar; she listed forty places of employment which have denied her employment.

No specific assignments of error are asserted by Jones. Based on Jones's brief we will assume that she contends that the trial court's decision was unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(O).

Appeals of board decisions are governed by R.C. 4141.28(O), which states, in part:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. Any interested party shall have the right to appeal from the decision of the court as in civil cases."

■  When an appeal of a board of decision is made to the common pleas court, the trial court is restricted to the record certified by the board. *Id.* The trial court may not substitute its judgment for that of the board on factual issues since the trial court must defer to the finder of fact. *Fahl v. Bd. of Review* (1965), 2 Ohio App.2d 286, 289, 31 O.O.2d 426, 428, 207 N.E.2d 774, 776. However, if the trial court determines that the board made a decision which was unlawful, unreasonable, or against the manifest weight of the evidence, the court shall reverse and vacate or modify the decision. R.C. 4141.28(O).

A review of the transcript from the hearing before the referee shows from Jones's own testimony that Jones quit her job to go to school full time. She stated that she was willing to work full time, but that she wanted a job with better hours so she would not have to go straight from work to school. She stated that the long hours "were very stressful," that she had a family to take care of, and that her grades began to suffer so she had to stop working.

The representative from Dunbar, Elizabeth Stratton, testified that when Jones gave notice of her resignation she stated that she was quitting her job to attend school full time. Stratton testified that Jones had not discussed with her or her immediate supervisor that she was looking for a job with different hours.

No testimony was introduced at the hearing pertaining to Jones's health. Jones did state that her schedule was stressful, but did not state that her health was affected by her job and school schedule.

The referee's decision outlined the findings of fact that he made from the hearing and stated his conclusions. He stated that Jones was given permission to leave work fifteen minutes early to get to her classes on time. He said that Jones testified that working full time and going to school in the evening was causing too much stress and was affecting her grades. The referee's findings of fact also stated that Jones "submitted a resignation to the employer indicating that she was quitting in order to attend school full time."

The referee's decision noted that Jones was not advised by a doctor to quit her job because of the stress from the job. The referee stated:

"Claimant has failed to establish that she had no other recourse but to quit her employment. * * * Claimant's reason for leaving Dunbar Pharmacy and Medical Supplies cannot be attributable to the employer."

When Jones appealed to the court of common pleas, she attached to her notice of appeal a letter by Dr. Rajendra K. Aggarwal. The letter stated that Jones had been his patient for the last few years and was presently being treated for hypertension and mylofacial headaches. The letter also stated that Jones was unable to continue her job at Dunbar "due to stressful situations as stated by patient."

■ This letter was not part of the record certified by the board to the trial court and could not be considered by the court. The trial court's review on appeal of a board decision is limited to the record certified by the board. R.C. 4141.28(O).

■ Our review of the transcript from the hearing indicates that the referee asked Jones on several occasions why she stopped working at Dunbar. He asked Jones whether she had any reason for leaving her job other than going to school full time. The referee asked Stratton if she knew why Jones quit or if Jones had discussed with anyone why she was going to quit. The questions by the referee indicate that he made every effort to elicit Jones's reasons for quitting her job at Dunbar.

The testimony presented before the referee indicates that Jones's reason for quitting her job at Dunbar was so that she could attend school full time. Jones repeated several times that she quit the job so that she could attend school full time. Jones testified that she was willing to work and go to school but that she wanted a job with different hours. She stated that her schedule at Dunbar and class schedule combined was too stressful. However, she repeatedly stated that the main reason for her decision to quit her job was so that she could attend school full time.

There was minimal evidence presented by Jones at the hearing that she quit the job because working and going to school were too stressful, were affecting her grades, and were interfering with her family life. No other evidence besides Jones's testimony was presented to indicate that these were the reasons why Jones quit her job. Only the referee as the finder of fact can weigh the credibility of those testifying and determine from the evidence presented why Jones quit her job. The referee's written decision shows that the referee weighed the evidence and concluded from the evidence that Jones quit so that she could go to school full time. In reviewing this decision we must defer to the referee who, as the finder of fact, was best able to weigh the evidence and determine credibility of the witnesses.

Having reviewed the certified record from the board, we agree with the trial court that based on the certified record, the board's decision to affirm the referee's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. The judgment will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.